FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

04 JAN -9 AM 8:29

U.S. DISTRICT COURT
N.D. OF ALABAMA

BOYCE L. TROTT, SR. )
)
Plaintiff, )
)
vs. ) CIVIL ACTION NO. CV-00-CO-2627-S
)
SPRINT SPECTRUM, L.P., )
)
Defendant. )

ENTERED
JAN 0 9 2004

## Memorandum of Opinion

The non-jury trial of this matter was held before the Court on December 15, 2003. Having considered the pleadings, evidence and testimony presented at trial, this Court finds as follows, to-wit:

### FINDINGS OF FACT

1.  The plaintiff was approached by Ed Williamson, a realtor and long-time neighbor of the plaintiff's, about leasing a portion of his property to Sprint Spectrum, L.P. (hereinafter "SSLP") for the construction of a telecommunications tower.

2.  Williamson has never been employed by SSLP.

3. No employee of SSLP talked with the plaintiff about the terms of the Agreement prior to its execution.

4. On July 2, 1996, the plaintiff executed a personal Communications service ("PSC") agreement ("the Agreement") with SSLP to lease a portion of real property at 4213 Mountain Top Road in Shelby County, Alabama, ("the Site") to construct and maintain a telecommunications tower.

5. Pursuant to the Agreement, SSLP agreed to pay the plaintiff $5,000 annually for the first five years for the use of the Site, with four five year renewal options at a 15% per term increase.

6. Paragraph 1 of the Agreement provides as follows:

> Premises and Use. Owner leases to Sprint Spectrum, L.P., a Delaware limited partnership ("SSLP") the site described below: [check appropriate box(es)].
>
> ☑ Real property consisting of approximately 3,750 square feet of land;

  ☐ Building interior space consisting of ___ square feet;

  ☐ Building exterior space for attachment of antennas;

  ☐ Building exterior space for placement of base station equipment;

  ☐ Tower antenna space;

  ☐ Space required for cable runs to connect PCS equipment and antennas in the location(s) ("Site") shown on Exhibit A, together with a non-exclusive easement for reasonable access thereto and to the appropriate, in the discretion of SSLP, source of electric and telephone facilities.

  7. The first box is the only box that is checked in paragraph 1 of the Agreement.

  8. Exhibit A to the Agreement, entitled "Site Description," which is attached to and expressly incorporated into the Agreement, sets forth the legal description of SSLP's easement.

9. Exhibit B to the Agreement, entitled "PCS Site Agreement / Memorandum of PCS Site Agreement," which is attached to and expressly incorporated into the Agreement, provides as follows:

> [The] Agreement provides in part that Owner [the plaintiff] leases to SSLP a certain site ("Site") located at the rear of 4214 Mountain Top Road, City of Birmingham, County of Shelby, State of Alabama, within the property of Owner is described in Exhibit A attached hereto, with grant of easement for unrestricted rights of access thereto and to electric and telephone facilities for a term of five (5) years commencing on July 2, 1996, which term is subject to four (4) additional five (5) years extension periods by SSLP.

10. Paragraph 4(d) of the Agreement specifically provides that "SSLP is entitled to access to the Site at all times and to quiet possession of the Site. . . ."

11. Paragraph 15 of the Agreement provides that the Agreement "constitutes the entire agreement between the parties and supercedes all prior written and verbal agreements, representations, promises or understanding between the parties."

## CONCLUSION

1. This Court previously held that the term "reasonable access" was an ambiguous term contained in the Agreement and thus properly the subject of Plaintiffs' claim for Declaratory Relief. After considering the pleadings and the evidence submitted at the trial of this case, the court concludes that the term "reasonable access" is not a term that is a part of the Agreement at all. The portion of paragraph one containing the term "reasonable access" was not marked. As such, that portion of the paragraph did not become a part of the agreement between the parties.

In the alternative, even if the agreement is read to include the portion of paragraph one containing the term "reasonable access," the term is not ambiguous as a matter of law. SSLP's access rights are set forth in detail in the Agreement and the attachments thereto. SSLP's present use of the easement for ingress and egress is included in the term "reasonable access" as the term was used.

2. Exhibits A and B to the Agreement, along with Paragraph 4 of the Agreement govern SSLP's easement rights to the Site. SSLP has the right to ingress and egress along the easement described in Exhibit A to the

Agreement. SSLP is entitled to access to the Site at all times throughout the initial term and each renewal term of the Agreement so long as SSLP is not in default ". . . beyond the expiration of any cure period . . . ."

3. Equity does not permit this Court to require SSLP to pave the plaintiff's driveway with concrete or to install valley gutters because to do so would be to convert the plaintiff's claim for declaratory relief into a breach of contract claim, a claim which has previously been dismissed.

4. In addition, the plaintiff's request to require SSLP to pave the driveway with concrete or to install valley gutters is barred by the Statute of Frauds and by the merger doctrine because it would constitute an oral modification of a lease of more than one year and because of the valid merger clause set forth in paragraph 15 of the Agreement.

5. The Court also notes that the plaintiff waited approximately 50 months before filing this lawsuit. As such, the Court alternatively holds that the plaintiff's claim for declaratory relief is barred by laches.

The court will enter a separate order in accordance with this opinion.

DONE and SO ORDERED this _____ day of January 2004.

L. SCOTT COOGLER
UNITED STATES DISTRICT JUDGE